PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES W. LEOPARD, II, | ) | |
| | ) | CASE NO. 3:13cv556 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEIL TURNER, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF Nos. 1; 2] |

*Pro se* Petitioner Charles W. Leopard, II filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner is incarcerated in the North Central Correctional Complex, serving an eight year sentence for two counts of unlawful sexual conduct with a minor. ECF No. 1 at 1. Petitioner claims: (1) his right to a jury trial under the Sixth Amendment was violated when the trial court made factual findings to sentence him to consecutive sentences; (2) he was denied due process under the Fourteenth Amendment when he was sentenced to consecutive sentences absent a judicial finding of factors under Ohio law; (3) he was denied due process when the Ohio Supreme Court ruled that an Ohio statute did not apply to his case or others like it; and (4) he was denied due process when the United States Supreme Court would not correct the errors listed in the first three grounds. ECF No. 1 at 5-11. For the reasons set forth below, the Petition is denied and this action is dismissed.

## I. Background

### A. Underlying Facts

Petitioner was charged with engaging in sexual conduct with two minors. *See* *State of Ohio v. Leopard*, 957 N.E.2d 55, 57 (Oh. Ct. App. 2011). His home was a well-known gathering place for neighborhood teens because he permitted them to drink alcohol and use marijuana. *Id*. The two victims in this case, both fifteen-year-old girls, were among the individuals that came to Petitioner's home. *Id.* Once in his home, he made it clear to the girls that he was interested in sexual activity with them. *Id.* Over the course of the next several months, he engaged in sexual conduct with the girls on multiple occasions. *Id.* The victims used their cellular devices to record Petitioner discussing the sexual encounters. *Id.*

Based on this evidence, Petitioner was charged with six counts of unlawful sexual conduct with a minor. *Id.* He pleaded not guilty at his arraignment but later agreed to plead guilty to two counts of unlawful sexual conduct with a minor, one count for each victim, in exchange for the dismissal of the other four counts. *Id.* At sentencing, the prosecution asked the court to impose a sentence that punished Petitioner for his conduct with both victims, rather than imposing a concurrent sentence that "basically allows him a free pass for one of the victims." *Id.* at 60. The court granted the prosecutor's request and sentenced Petitioner to four years incarceration on each count and ordered them to be served consecutively for a total term of eight years incarceration. *Id.* at 61.

### B. Direct Appeal

Petitioner filed a timely appeal of his conviction to the Ohio Second District Court of

Appeals. He asserted three assignments of error:

> 1. His sentence was contrary to law because the trial court failed to make certain findings before imposing consecutive sentences.
>
> 2. His sentence is contrary to law because the trial court failed to properly consider the statutory principles and purposes of sentencing and the seriousness and recidivism factors.
>
> 3. The trial court abused its discretion by imposing more than minimum and consecutive sentences.

*Id.* at 57. In support of his first ground for relief, he argued that Ohio Revised Code § 2929.14(E)(4) contains a requirement that the trial court make certain findings before it can impose consecutive sentences. *Id*. at 57-58. He argued that *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), a case in which the Ohio Supreme Court found R.C. § 2929.14(E)(4) to be unconstitutional and severed it from the rest of the statute, was overruled by *Oregon v. Ice*, 555 U.S. 160 (2009), thus reviving the requirements of R.C. § 2929.14(E)(4). He claimed that the trial court failed to make the required statutory findings before imposing consecutive sentences, and his sentence was contrary to Ohio law. *Leopard*, 957 N.E.2d at 57-58.

The court of appeals disagreed. *Id*. at 58. The court pointed out that the Ohio Supreme Court in *State v. Hodge*, 941 N.E.2d 768 (Ohio 2010) made clear that the *Ice* decision did not revive R.C. § 2929.14(E). Consequently, the court held that the trial court was not required to make findings or give reasons for the sentences it imposes. The first assignment of error was overruled. *Leopard*, 957 N.E.2d at 58.

In support of his second claim, Petitioner asserted that the trial court failed to properly consider the statutory principles in R.C. §§ 2929.11 and 2929.12 and balance those with the

considerations of the seriousness of the offense and recidivism factors. *Leopard*, 957 N.E.2d at 60. He argued that he was sentenced to two four-year consecutive sentences because he allegedly was shown tremendous leniency when the state dismissed the four counts, and he was not given the opportunity to argue that the state was not as generous as it appeared. *Id*.

The court of appeals indicated that the trial court did fully consider the principles and purposes of sentencing set forth in R.C. §§ 2929.11 and 2929.12. The appellate court cited to the trial court record wherein the court specifically stated it had considered these factors. Petitioner's second claim was overruled. *Id*.

Finally, in support of his third claim, Petitioner contended that the trial court abused its discretion in sentencing him to near maximum consecutive terms of incarceration when he was a first time offender. He argued it was unduly harsh. *Id*. at 61. The court of appeals denied his third ground for relief finding that his conduct reasonably supported the imposition of a sentence within the range set forth in R.C. §2929.14(A)(3). The court held that it was solely within the discretion of the sentencing court to impose consecutive sentences. *Id*.

The court of appeals affirmed Petitioner's conviction on August 5, 2011. *Id*. Petitioner appealed that decision to the Ohio Supreme Court and asserted two propositions of law:

> 1. When sentencing on multiple counts, R.C. § 2929.41(A) requires [the] trial court to impose concurrent sentences unless [the] trial court makes findings in R.C. § 2929.14(E)(4).
>
> 2. The trial court abuses it discretion when it relies on dismissed charg[e]s to impose a higher sentence than would be justified by reliance on the statutory factors set forth in R.C. §§ 2929.11 & 2929.12.

ECF No. 1 at 2-3. The appeal was denied on December 21, 2011. ECF No. 1 at 2.

**C. Petition for Writ of Certiorari in United States Supreme Court**

Petitioner filed a Petition for a Writ of Certiorari in the United States Supreme Court on March 19, 2012. ECF No. 1 at 3. He questioned whether Ohio's statutory sentencing scheme was constitutional under the Sixth Amendment and whether the Ohio Supreme Court's refusal to find that *Oregon v. Ice* revived the sentencing scheme in R.C. § 2929.14(E)(4) denied him due process and violated the doctrine of separation of powers. ECF No. 1 at 12. The United States Supreme Court refused to accept certiorari and denied the petition on April 23, 2012. ECF No. 1 at 3.

**II. Habeas Petition**

Thereafter, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He asserted four grounds for relief:

> 1. Petitioner is being denied United States Constitution Sixth Amendment right to a jury trial by Ohio Sentencing law requiring judicial fact-finding for imposing consecutive sentences.
>
> 2. Petitioner is being denied United States Constitution Fourteenth Amendment right to due process of law absent a judicial finding of the statutory factors identified as precedent to imposition of consecutive sentences.
>
> 3. Petitioner is being denied his right to due process of law under the United States Constitution Fourteenth Amendment when the Ohio Supreme Court erroneously declared Ohio Sentencing law severable and then refused to correct its own error.
>
> 4. Petitioner is being denied his right to due process of law by[] the United States Supreme Court in contravention of the United States Constitution Fourteenth Amendment as this Court refuses to address plain error in Grounds 1-3.

ECF No. 1 at 5-11.

In support of his first claim, Petitioner states he was sentenced to two consecutive four-year

terms of imprisonment after the trial court decided which facts were relevant to sentencing. He indicates that "thousands of Ohio inmates remain imprisoned under sentences imposed by judicial fact-finding in contravention of the Sixth Amendment right to a jury trial." ECF No. 1 at 5.

In support of his second ground for relief, Petitioner claims he was sentenced to consecutive sentences after the Ohio Supreme Court ruled that part of Ohio's sentencing law was unconstitutional and "had to be severed from the law." ECF No. 1 at 7. He contends he was denied due process when the judge imposed consecutive sentences without conducting the judicial findings of fact necessary to impose consecutive sentences, that his sentence violates the Ohio sentencing law, and that, although the state dismissed four counts against him, the court considered the leniency shown by the state in dismissing these claims when the court issued his sentence. ECF No. 1 at 7.

In support of his third ground for relief, Petitioner contends that his sentence was contrary to the separation of powers doctrine. He claims the Ohio Supreme Court did not uphold the Ohio criminal sentencing law which was developed by the Ohio legislative branch. He claims he was denied due process when the Ohio Court of Appeals did not correct the plain error of the Ohio Supreme Court. ECF No. 1 at 8.

Finally, Petitioner's fourth ground is asserted against the United States Supreme Court. He claims the Supreme Court violated his right to due process by refusing to accept certiorari so that he could argue his claims asserted in grounds one through three. ECF No. 1 at 10.

**III. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed

(3:13cv0556)

after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences," and "to further the principles of comity, finality, and federalism." *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, "a determination of a factual issue made by a State court shall be presumed to be correct." *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008) (quoting 28 U.S.C. § 2254(e)(1)). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774.

A decision is contrary to clearly established law under § 2254(d)(1) when it is "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed'" to federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 405 (Part II of Justice O'Connor's opinion, joined by a majority of the Court). In order to have an "unreasonable application of ... clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 412.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone "unless the judgment in place is based on an error grave enough to be called unreasonable." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998) (quoting *Lindh v. Murphy*, 96 F.3d 856, 870-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997)).

**IV. Procedural Barriers to Habeas Review**

**A. Exhaustion of State Court Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b), (c); *see* *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g.* *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to consider both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414-15. To determine if a

petitioner "fairly presented" a federal constitutional claim to the state courts, a court considers whether the petitioner "(1) [] phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) [] relied upon federal cases employing the constitutional analysis in question; (3) [] relied upon state cases employing the federal constitutional analysis in question; or (4) [] alleged facts well within the mainstream of [the pertinent] constitutional law." *Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Moreover, for the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984), and must be presented to the state courts under the same legal theory in which it is later presented in federal court, *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal "theory which is separate and distinct from the one previously considered and rejected in state court." *Id.*

In the instant case, Petitioner did not exhaust his state court remedies because his grounds for relief are raised as violations of the United States Constitution for the first time in this petition. On direct appeal of his conviction, he claimed his sentence was a violation of Ohio law because the trial court did not comply with the statutory requirements of R.C. §§ 2929.11, 2929.12, and 2929.14. He also claimed the trial court erred in imposing more than the minimum sentences when it was his first offense, and that the trial court abused its discretion because it considered that the state dismissed four charges against him to justify imposing a higher sentence than he would have received if the statutory factors set forth in R.C. §§ 2929.11 and 2929.12 were contemplated. Similarly, in his appeal to the Ohio Supreme Court, he argued that when sentencing on multiple

counts, R.C.§ 2929.41(A) requires the trial court to impose concurrent sentences unless the trial court makes findings in R.C. § 2929.14(E)(4).

Petitioner asserts for the first time in his Petition that the trial court violated his Sixth Amendment right to a jury trial because the trial court determined which facts where appropriate to support the sentence imposed. He also argues for the first time that he was denied due process when he received consecutive sentences absent judicial findings of fact as set forth in the Ohio Revised Code. He asserts for the first time in his Petition that he was denied due process when the Ohio Supreme Court declared R.C. § 2929.14 to be unconstitutional in violation of the separation of powers doctrine, and then refused to correct the error in his case.

As stated above, for the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *See Koontz*, 731 F.2d at 369. In addition, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *See Wong*, 142 F.3d at 322. It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* Because Petitioner's claims were asserted in state court as violations of state law, not federal constitutional law, they were not presented under the same legal theory as they are now presented. Therefore, Petitioner's habeas claims have not been exhausted.

**B. Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a

resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See* Coleman, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

As noted above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).

Accordingly, when a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). *See also* *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

In conducting the inquiry as to whether claims are procedurally defaulted, a court must determine whether: (1) "there is a state procedural rule that is applicable to the petitioner's claim and the petitioner failed to comply with the rule"; (2) "the state courts actually enforced the state procedural sanction"; and (3) the state procedural forfeiture is an "'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). Ohio courts have set forth a default rule barring consideration of claims that could and should have been raised on direct appeal. *See* *Buell*, 274 F.3d at 348-49(citing *State v. Perry*, 226 N.E.2d 104 (Ohio 1967)).

In the instant case, Petitioner pursued a direct appeal but did not assert his first three grounds for relief as violations of the United States Constitution. Because the claims were not raised in the first instance, they are barred by the Ohio rule of *res judicata*. *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001). There is no procedural vehicle for Petitioner to return to state court and assert these claims, and *res judicata* is an independent and adequate state procedural ground that forecloses federal habeas review. *Id*.

Because Petitioner's first three grounds for habeas relief are procedurally defaulted, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* Coleman, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner does not suggest that any factor external to the defense precluded him from presenting the claims as federal constitutional violations in the state courts. He raised similar claims based on violations of state law, but changed his legal theories once he filed this Petition. There does not appear to have been any barrier to filing these claims in state court. Thus, Petitioner has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the crimes in the

underlying conviction. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

In sum, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review. Petitioner's claims fail under both doctrines.

**V. Merits of Habeas Claims**

Finally, even if Petitioner's claims were not procedurally defaulted, they are not cognizable in a habeas petition. In his first ground for relief, Petitioner contends he was denied his Sixth Amendment right to a jury trial because the judge had the discretion to make factual determinations to support consecutive sentences. However, Petitioner pleaded guilty to the charges as amended by the state. In doing so, he waived his right to a jury trial, the protection against self-incrimination, and the right to confront his accusers. *See* *Florida v. Nixon*, 543 U.S. 175, 187 (2004); *Stillings v. Harry*, 2:12-CV-15639, 2013 WL 408914, at *2 (E.D. Mich. Feb. 1, 2013). By virtue of his waiver of his right to a jury trial, all factual determinations that are required for sentencing were already in the hands of the trial judge.

In addition, Petitioner contends that the Ohio Supreme Court violated the separation of powers doctrine by declaring an Ohio statute to be unconstitutional. He claims this denied him due process because the Ohio Court of Appeals refused to correct that error. This claim is not cognizable for purposes of federal habeas corpus review. The separation of powers between a state court and

state legislature is a matter of state law, and a federal court may not grant habeas relief based upon "a perceived error of state law." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000); *see* *Whalen v. United States*, 445 U.S. 684, 689 n. 4 (1980) ("the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States").

Moreover, with respect to his first three grounds for relief, Petitioner is effectively asking this Court to reverse or discard a decision of the Ohio Supreme Court which held that a portion of an Ohio statute violated the Ohio Constitution, and order the Ohio courts to apply that portion of the statute retroactively to Petitioner's case. Generally, a federal habeas court sitting in review of a state court judgment should not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

An error of state law, however, may serve as a basis for habeas relief when the petitioner was denied fundamental fairness in the trial process. *Id.* at 70; *see also* *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). To demonstrate a violation of fundamental fairness, a petitioner must show that the state action "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Stumpf v. Robinson*, ___ F.3d ___, 2013 WL 3336739, at *7 (6th Cir. July 3, 2013) (quoting *Patterson v. New York*, 432 U.S. 197, 201–02 (1977)). The fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself. *Norris v. Schotten*, 146 F.3d

314, 329 (6th Cir. 1998).

In this case, Petitioner has not asserted any violation that "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Stumpf*, ___ F.3d ___, 2013 WL 3336739, at *7. Petitioner merely seeks to have an Ohio statute applied to his case in the hope of obtaining a concurrent sentence of four years rather than a consecutive sentence of eight years. Concurrent sentences are not so rooted in our traditions as to be considered fundamental. Nothing in the Petition justifies federal court interference with the state's interpretation of its own laws.

Finally, in his last ground for relief, Petitioner contends that the United States Supreme Court denied him due process by refusing to accept certiorari over his challenge to Ohio's decision that its sentencing statute violated the Ohio Constitution. This claim is not cognizable in a habeas petition. Petitioner is not attacking his state court judgment of conviction, but rather is challenging a decision of the United States Supreme Court. This Court has no jurisdiction under 28 U.S.C. § 2254 to review decisions of the United States Supreme Court.

**VI. Conclusion**

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis*, ECF No. 2, is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken

in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

August 16, 2013
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge